IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TERRELL MARCEL BAILEY,                :
                                      :
        Petitioner                    :
                                      :
    v.                                :    CIVIL NO. 3:CV-12-1172
                                      :
SUPERINTENDENT JEROME WALSH,          :    (Judge Conaboy)
ET AL.,                               :
                                      :
        Respondents                   :

FILED
SCRANTON

DEC 18 2012

PER_____
DEPUTY CLERK

**MEMORANDUM**
**Background**

This <u>pro</u> <u>se</u> petition for writ of habeas corpus was filed by

Terrell Marcel Bailey, a prisoner presently confined at the

State Correctional Institution, Dallas, Pennsylvania (SCI-

Dallas).  Named as Respondents are SCI-Dallas Superintendent

Jerome Walsh; the Pennsylvania Board of Probation and Parole

(Parole Board); and the Attorney General of Pennsylvania.[1]

Service of the Petition was previously ordered.

According to the undisputed record, Bailey was originally

convicted of aggravated assault criminal conspiracy

and a firearms offense in 1994.  Upon completing his minimum

sentence, Petitioner was released on parole.

_____

  [1]  The only properly named Respondent in a federal habeas
corpus action is Petitioner's custodial official, in this case,
Superintendent Walsh.  <u>See</u>  28 U.S.C. § 2242.

1

However, while on parole, Petitioner was arrested and convicted of robbery, criminal conspiracy, and drug possession in the Montgomery County, Pennsylvania Court of Common Pleas. As a result, he was sentenced to a five (5) to ten (10) year term of incarceration on August 23, 2005. It also appears that as a result of this new criminal activity, the Parole Board conducted a timely parole revocation hearing.

The minimum sentence on Petitioner's current conviction expired on November 20, 2010, his maximum sentence expires November 20, 2015. In conjunction with the expiration of his minimum sentence, Bailey has been considered and denied parole three times, September 3, 2010, September 30, 2011, and March 30, 2012.

Petitioner's pending action seeks federal habeas corpus relief on the grounds that the Parole Board "applied unconstitutional reasons" in denying his application for parole. See Doc. 1, ¶ 6. Bailey's Petition asserts that the Parole Board acted in an arbitrary and capricious manner by denying him parole on March 30, 2012 based upon his past criminal history, past unsatisfactory parole supervision, and other facts, that will never change.

## Discussion

Respondents acknowledge that Petitioner's most recent

2

parole decision, dated March 30, 2012, denied Bailey parole on

the basis of two factors: (1) his risk and needs assessment

indicating his level of risk to the community; and (2) his prior

unsatisfactory parole supervision history.  See Doc. 1, Exhibit

A.  In addition, the decision advised Petitioner that he would

be reconsidered for parole on or about July, 2014 or earlier if

recommended by the Department of Corrections (DOC). The decision

also forewarned Bailey that during his next review, the Parole

Board would consider whether the inmate had received a favorable

parole recommendation from the DOC and if he had maintained a

clear conduct record.

The response argues that Petitioner is not entitled to

relief since he has no right to parole and because the reasons

relied upon by the Parole Board's latest adverse decision were

appropriate and satisfied the due process requirements

recognized by Pennsylvania state law.  Respondents add that

there is no basis for a finding that the Parole Board was

biased, or acted in an arbitrary or capricious manner.

It is well-settled that "there is no constitutional or

inherent right of a convicted person to be conditionally

released before the expiration of a valid sentence." Greenholtz

v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1,

7 (1979);see also Rauso v. Vaughn, 79 F. Supp.2d 550, 551 (E.D.

Pa. 2000) (the federal Constitution does not create an entitlement to parole). Likewise, the Pennsylvania parole statute does not create a liberty interest in the right to be paroled. Rodgers v. Parole Agent SCI-Frackville, Wech, 916 F. Supp. 474, 476-77 (E.D. Pa. 1996); McCrery v. Mark, 823 F. Supp. 288, 294 (E.D. Pa. 1993); Thorpe v. Grillo, 80 Fed. Appx. 215, 2003 WL 22477890 (3d Cir. 2003)(because there is no constitutional right to parole, any substantive due process claim is foreclosed); Perry v. Vaughn, 2005 WL 736633 at *10 (E.D. Pa. March 31, 2005).

However, the United States Court of Appeals for the Third Circuit has also held that:

> [E]ven if a state statute does not give rise
> to a liberty interest in parole release
> under Greenholtz, once a state institutes a
> parole system all prisoners have a liberty
> interest flowing directly from the due
> process clause in not being denied parole
> for arbitrary or constitutionally
> impermissible reasons.

Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). Accordingly, even where a state statute grants discretion to the state parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria." Id. Consequently, a federal court may review a decision by a state parole board for an abuse of discretion. Id. Upon such review, relief will only be available if an

4

applicant can show that parole was arbitrarily denied based on some impermissible reason such as "race, religion, or political beliefs," or that the parole board made its determination based on "frivolous criteria with no rational relationship to the purpose of parole . . . ." Id. at 236 n.2.

It is initially noted that the Petition does not allege that Bailey was denied parole on the basis of his race, religion or ethnicity. Rather, he maintains only that he was denied parole for reasons or circumstances that will never change.

Second, the Parole Board's March 30, 2012 decision specifically enumerated legitimate reasons for denying parole. As noted earlier, it has been repeatedly recognized that Pennsylvania state law does not confer its inmates with a legally protected interest in parole eligibility. Furthermore, the protection of the public safety factor cited by the Parole Board in its most recent denial of parole is "relevant ... in making a parole determination." Richardson v. Chesney, Civ. No. 4:CV-01-2121, slip op. at 7 (M.D. Pa. Dec. 11, 2001)(McClure, J.)(citing Santo v. Pennsylvania Bd. of Probation and Parole, Civ. No. 00-1021, slip op. at p. 5 (M.D. Pa. July 17, 2001)(Kosik, J.).

Likewise, the nature of an inmate's criminal history is also clearly relevant and permissible factors to be considered

when making a parole determination. See Muhammad v. Mendez, 200 F. Supp.2d 466, 472 n. 6 (M.D. Pa. 2002)(it is appropriate to consider the circumstances of a petitioner's offense when determining whether he is safe to release into the community). Furthermore, an inmate's prior history of supervision failures may also be properly considered by the parole Board. See generally, Dare v. U.S. Parole Com'n., 212 Fed Appx. 144, 146 (3d Cir. 2007)(consideration of poor parole history is not arbitrary and capricious). Moreover, it was also acceptable for the decision to forewarn Bailey that during his next parole review, his conduct while incarcerated would be taken into consideration by the Parole Board. See McGuire v. Libhart, 1995 WL 672374 (E.D. Pa. Nov. 13, 1995)(misconduct during incarceration is an appropriate issue for parole consideration of a Pennsylvania state inmate).

There is simply no viable claim by Bailey that the challenged decision to deny parole was based on any constitutionally impermissible reasons. Petitioner has not produced any facts or evidence which could support a claim that he was denied parole based upon any of the impermissible criteria enumerated in Block. There is also no indication that the Parole Board applied any inappropriate criteria or that his parole proceedings violated any due process protections which

Bailey was entitled to under state law.

Additionally, the United States Supreme Court in <u>Sandin v. Conner</u>, 515 U.S. 472, 480-84 (1995), held that a liberty interest is not created merely because a regulation limits the discretion of prison officials. Rather, courts should focus on the nature of the deprivation itself and the relevant inquiry is whether the purported misconduct was "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." <u>Id.</u> at 486; see also <u>Griffin v. Vaughn</u>, 112 F.3d 703 (3d Cir. 1997). As noted earlier, it has been repeatedly recognized that Pennsylvania state law does not confer its inmates with a legally protected interest in parole eligibility. <u>Rodgers</u>, 916 F. Supp. At 476-77; <u>McCrery</u>, 523 F. Supp at 294.

Thus, it is apparent to this Court that the denial of parole to a Pennsylvania state inmate is not the type of significant and atypical hardship contemplated by the Supreme Court in <u>Sandin</u>.

In light of his acknowledgment that the Parole Board considered appropriate factors such as public safety and his prior failed release on parole, the Petitioner has failed to satisfy his burden under <u>Block</u> of showing that the denial of his parole was an arbitrary decision based upon an impermissible

7

factor.

The parole determination rendered in Bailey's case was simply not premised upon the type of frivolous criteria which would warrant relief under Block. Based upon the above discussion, the Parole Board's March 20, 2012 decision did not violate Petitioner's constitutional due process protections. Accordingly, the petition will be dismissed without prejudice. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: DECEMBER 19th, 2013

8